**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 16 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROLLY O. KINNELL,

        Plaintiff - Appellant,

v.

SECRETARY OF VETERAN
AFFAIRS, Washington, D.C., and
COMMERCIAL FINANCIAL
SERVICES OF OKLAHOMA,

        Defendants - Appellees.

No. 99-3097

(D. Kansas)

(D.C. No. CV-98-3112-SAC)

---

ROLLY O. KINNELL,

        Petitioner - Appellant,

v.

STATE OF KANSAS; HAROLD
COLEMAN, Sheriff; JOHN L.
SWARTS, County Attorney;
ATTORNEY GENERAL OF
KANSAS,

        Respondents - Appellees.

No. 99-3100

(D. Kansas)

(D.C. No. CV-98-3329-DES)

---

ROLLY O. KINNELL,

        Plaintiff - Appellant,

v.

No. 99-3128

(D. Kansas)

FRANK SPRIGGS, District Manager of Supplemental Pittsburg Kansas; and CHARLES, Secretary of Corrections,

Defendants - Appellees.

(D.C. No. CV-99-3068-GTV)

ROLLY O. KINNELL,

Plaintiff - Appellant,

v.

UNITED STATES SENATE; UNITED STATES HOUSE OF REPRESENTATIVES; UNITED STATES PRESIDENT, William Clinton,

Defendants - Appellees.

No. 99-3130

(D. Kansas)

(D.C. No. CV-99-3069-GTV)

## ORDER AND JUDGMENT [*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Rolly O. Kinnell, a Kansas state prisoner appearing pro se, seeks to bring four appeals which we have combined for disposition. Nos. 99-3097, 99-3128, and 99-3130, as to which Kinnell seeks leave to proceed in forma pauperis, concern separate civil actions, [1] and No. 99-3100 concerns a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### A.  Nos. 99-3097, 99-3128, and 99-3130

Because Kinnell has had actions or appeals dismissed as frivolous on more than three prior occasions, [2] the clerk's office issued an order to show cause why these appeals should not be dismissed pursuant to 28 U.S.C. § 1915(g). Although Kinnell filed a response, he failed to demonstrate that § 1915(g) does not apply,

---

[1]Although Kinnell casts No. 99-3097 as a request for mandamus, that characterization does not circumvent our consideration of his appeal under 28 U.S.C. § 1915(g), since the action is plainly in the nature of a civil claim for money.

[2]As we stated in a recent unpublished opinion, "Rolly O. Kinnell is well known to this court." Kinnell v. State of Kansas, No. 98-3225, 1999 WL 26875 *1 (10th Cir. Jan 15, 1999) (noting that at least four of his recent appeals have been dismissed as frivolous, and three others have been summarily affirmed).

and he failed to raise a credible allegation that he is in "imminent danger of serious physical injury," id.

Accordingly, we DENY his application to proceed without prepayment of fees in Nos. 99-3097, 99-3128, and 99-3130, and we DISMISS these appeals. We further direct the clerk's office to return any further filings which Kinnell attempts to make in civil matters, unless he prepays the fee in full or makes a credible allegation that he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

### B. No. 99-3100

This is the second time Kinnell has brought a habeas action claiming that his June 1998 Kansas state conviction was unconstitutional. The district court dismissed the first action without prejudice for failure to exhaust. Kinnell applied for a certificate of appealability, and we found no denial of a constitutional right. Kinnell v. State of Kansas, No. 98-3225, 1999 WL 26875 *1 (10th Cir. Jan 15, 1999). Apparently, Kinnell filed anew in the district court, which, noting his continuing failure to exhaust, again dismissed the action without prejudice. Once again Kinnell seeks to appeal, and he has also forwarded two letters to this court, dated April 12 and June 17, 1999, which purport to be addressed to him from the Kansas Supreme Court. The two letters notice his Kansas state habeas filing and

-4-

notify him of the Kansas Supreme Court's consideration and denial of his petition. Accordingly, since "an appellate court may give relief if state remedies are exhausted by the time it acts, even if those remedies were not exhausted when the habeas corpus petition was filed," Osborn v. Shillinger, 861 F.2d 612, 616 (10th Cir. 1988), we elect to address whether a certificate of appealability should issue as to any of the claims made. [3]

Kinnell makes several claims related to alleged violations of state law, including 1) deficiencies in the criminal information; 2) improper use of a previous Kansas conviction to enhance his sentence; [4] and 3) improper jury instructions. However, § 2254 federal habeas corpus relief is available only to those held in state custody in violation of federal constitutional or statutory law; it is not available to remedy alleged violations of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Jackson v. Shanks, 143 F.3d 1313, 1317 (10th Cir.), cert. denied, 119 S. Ct. 378 (1998). Therefore, we lack jurisdiction to consider

---

[3]While Osborn concerned our review of the district court's decision on the merits, in this case we are reviewing a dismissal for failure to exhaust. Nonetheless, noting that this is the second time Kinnell attempts to appeal the district court's dismissal, in the interest of judicial efficiency and notwithstanding the procedural differences, we exercise our discretion under Osborn to address Kinnell's substantive legal arguments.

[4]To the extent that Kinnell claims a Sixth Amendment violation (that his prior 1977 state court conviction resulted from ineffective assistance of counsel), he has failed to obtain any relief from that 1977 conviction, and therefore we find no constitutional violation resulting from the use of that conviction at sentencing. See Custis v. United States, 511 U.S. 485, 497 (1994).

such claims.  Kinnell also alleges violations of his Fourth Amendment right to and expectations of privacy in his locked car, and he complains that the state court failed to exclude the property seized.  Inasmuch as Kinnell was afforded the opportunity for a full and fair review of the search and his claim for exclusion, both in his state court trial and on direct review, this claim may not be invoked again in a federal habeas proceeding.     Stone v. Powell  , 428 U.S. 465, 489-90 (1976);  Miranda v. Cooper  , 967 F.2d 392, 401 (10th Cir. 1992).  Finally, Kinnell appears to argue ineffectiveness of his trial counsel.  To the extent Kinnell claims ineffectiveness related to his current case,     [5] the record clearly indicates that he insisted on proceeding pro se, and his counsel was appointed in a stand-by position only, to be available only upon his request.  Since Kinnell points to no instance in which he either made such a request, or his counsel offered deficient advice without being requested, he has failed to make any showing of ineffectiveness.

---

[5]It is not entirely clear whether Kinnell's conclusory ineffectiveness claim relates to his present case or to his 1977 previous conviction which was used to enhance his current sentence.

Because Kinnell has failed to make a substantial showing of the denial of a constitutional right, see 28 U.S.C. § 2253(c), we DENY his application for a certificate of appealability and DISMISS his appeal.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge